**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CXA LA PALOMA, LLC, | No. 16-15814 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01280-MCE-JLT |
| v. | |
| MOJAVE PIPELINE COMPANY; EL PASO NATURAL GAS COMPANY; KERN RIVER GAS TRANSMISSION CO., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted December 5, 2017
San Francisco, California

Before: NGUYEN[**] and HURWITZ, Circuit Judges, and KEELEY,[***] District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        This case was submitted to a panel that included Judge Kozinski, who recently retired.  Following Judge Kozinski's retirement, Judge Nguyen was drawn by lot to replace him.  Ninth Circuit General Order 3.2.h.  Judge Nguyen has read the briefs, reviewed the record, and listened to oral argument.

[***]        The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

CXA La Paloma, LLC ("La Paloma") appeals from the district court's Rule 12(b)(6) dismissal of its suit against Mojave Pipeline Company, El Paso Natural Gas Company, and Kern River Gas Transmission Company (collectively "Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. The district court did not err in holding that EDF Trading North America ("EDF") was not La Paloma's agent when entering into the relevant agreements with Defendants. The contracts between La Paloma and EDF expressly disclaim the creation of an agency relationship. *See EBC I, Inc. v. Goldman, Sachs & Co.*, 832 N.E.2d 26, 31–33 (N.Y. 2009) (stating that New York law, which the La Paloma-EDF contracts adopt, focuses on the parties' agreement). Moreover, La Paloma does not control EDF, a hallmark of agency. *In re Parmalat Sec. Litig.*, 375 F.Supp.2d 278, 290 (S.D.N.Y. 2005) (applying New York law).

2. Under both Colorado and Utah law, which govern EDF's relevant agreements with Defendants, a third party must be an "intended" beneficiary of a contract in order to enforce it. *See Orlando Millenia, LC v. United Title Servs. of Utah, Inc.*, 355 P.3d 965, 972 (Utah 2015); *Parrish Chiropractic Ctrs. P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049, 1056 (Colo. 1994). "The intent to benefit the third party must be apparent from the agreement terms, the surrounding circumstances, or both." *Quigley v. Jobe*, 851 P.2d 236, 238 (Colo. App. 1992) (citing *E.B. Roberts Constr. Co. v. Concrete Contractors, Inc.*, 704 P.2d 859 (Colo.

2

1985)); *see also Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1187–88 (Utah 1996) ("Whether a third-party beneficiary status exists is determined by examining a written contract.").

The district court did not err in holding that La Paloma is not a third party beneficiary of EDF's contracts with Defendants. La Paloma is only one of several parties to whom EDF can ship gas under the contracts. *See Parrish Chiropractic*, 874 P.2d at 1056 (finding one of several potential beneficiaries is not an intended beneficiary); *SME Indus., Inc. v. Thompson, Ventulett, Stainback and Assocs., Inc*, 28 P.3d 669, 685 (Utah 2001). Defendants' knowledge that EDF regularly shipped gas to La Paloma, without more, did not entitle La Paloma to enforce the contracts. *Am. Tower Owner Ass'n*, 930 P.2d at 1188.

3. Defendants' FERC tariffs disclaim any obligations relating to gas quality and gas pressure once gas is delivered to EDF. La Paloma's negligence claims are therefore barred by the filed rate doctrine. *See Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 853 (9th Cir. 2004); *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1170 (9th Cir. 2002).

**AFFIRMED**.